IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 1 2 2020
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | |
|---|---|
| CRYSTAL CHANDERLER CARR, § | |
| § | |
| Movant, § | |
| § | |
| VS. § | NO. 4:20-CV-205-A |
| § | (NO. 4:18-CR-183-A) |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of movant, Crystal Chanderler Carr, to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The court, having considered the motion, the government's response, the record, including the record in the underlying criminal case, No. 4:18-CR-183-A, and applicable authorities, finds that the motion should be denied.

I.

Background

The record in the underlying criminal case reflects the following:

On August 7, 2018, movant was named in a two-count information charging her in count one with aiding in the preparation of a false tax return, in violation of 26 U.S.C. § 7206(2), and in count two with filing a false tax return, in

violation of 26 U.S.C. § 7206(1). CR Doc.[1] 1. On August 30, 2018, movant appeared before the court with the intent to enter a plea of guilty to the offenses charged. CR Doc. 11. Movant and her attorney signed a factual resume setting forth the elements of the offenses, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 14. Movant and her attorney also signed a waiver of indictment. CR Doc. 12. And, a plea agreement was also signed and filed. CR Doc. 13. Under oath, movant stated that no one had made any promise or assurance of any kind to induce her to plead guilty. Further, movant stated her understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by her guilty plea; movant was satisfied with her counsel and had no complaints regarding her representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true. CR Doc. 42.

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case.

The probation officer prepared the PSR, which reflected that movant's base offense was 20, based on a tax loss of $1,238,171.21. CR Doc. 18 ¶ 41. She received a two-level increase for failing to report income exceeding $10,000, id. ¶ 42, and a two-level increase for abusing a position of trust as a tax preparer. Id. ¶ 44. She received a two-level and a one-level decrease for acceptance of responsibility. Id. ¶¶ 48, 49. Based on a total offense level of 21 and a criminal history category of II, movant's guideline imprisonment range was 41-51 months, capped by a statutory maximum sentence of 36 months per count. Id. ¶ 99.

By order signed December 7, 2018, the court gave notice that it had tentatively decided not to accept the plea agreement. CR Doc. 20. The government filed a response urging that the court accept the plea inasmuch as movant had agreed to pay full restitution and the court could impose a sentence of 72 months. CR Doc. 23. Movant filed a sentencing memorandum and request for downward variance. CR Doc. 25. By order signed December 13, 2018, the court again expressed reservations about accepting the plea agreement and granted a continuance so that there would be time for the court to pose questions relative to the sentencing. CR Doc. 26. The order expressed that the court might consider a sentence of 72 months if the plea agreement was

3

accepted. Id. By order signed December 14, 2018, the court informed the parties that if it accepted the plea agreement or if movant persisted in her plea of guilty following rejection of the plea agreement, the court had tentatively concluded that it would impose a sentence of imprisonment significantly above the advisory guideline imprisonment range. CR Doc. 28. The court granted a further continuance of sentencing on movant's motion. CR Docs. 29, 30.

At the sentencing hearing, the court again expressed concern regarding accepting the plea agreement. CR Doc. 43 at 4-8. After hearing testimony and explanations and argument of counsel, the court imposed a sentence of 36 months as to each count, to run consecutively. Id. at 32; CR Doc. 36. Movant appealed. CR Doc. 38. Her sentence was affirmed. United States v. Carr, 787 F. App'x 267 (5th Cir. 2019).

II.

Ground of the Motion

Movant asserts one ground in support of her motion. She contends that she received ineffective assistance of counsel because her attorney did not advise her that she might receive an upward variance from the guideline range. Doc.[2] 1.

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil case, No. 4:20-CV-205-A.

III.

Applicable Legal Standards

A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct

5

appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of

6

this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

As best the court can tell, movant seems to be arguing that her counsel failed to tell her that the court was considering an upward variance. In addition, she says that she would have argued that she was entitled to a "booker variance for several reasons." Doc. 1 at PageID[3] 8. She refers to an attachment but never explains what her argument is or would have been. The motion is wholly conclusory and fails to state a ground for relief. Miller, 200 F.3d at 282. The record reflects that movant was notified in person and acknowledged that she was subject to three-year terms of imprisonment on each count of the information. CR Doc. 42. Even assuming her attorney did not tell her about the court's orders regarding its concerns about

---

[3] The "PageID __" reference is to the number assigned by the court's electronic filing system and is used because the page numbers on the printed form used by movant are not the actual page numbers of the document.

sentencing, movant knew at the sentencing hearing that the court was considering an upward variance. CR Doc. 43. Having heard the testimony and the arguments, she declined to make any statement on her own behalf. Id. at 31. She has not shown that anything she could have said or done would have made a difference in her sentence. That is, she has not shown that she received ineffective assistance of counsel.

V.

Order

The court ORDERS that movant's motion be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED June 12, 2020.

JOHN McBRYDE
United States District Judge